

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  | *Andrew E. Lelling* |
|  | *United States Attorney* |
|  | *District of Massachusetts* |
| *Main Reception: (617) 748-3100* | *John Joseph Moakley United States Courthouse* |
|  | *1 Courthouse Way* |
|  | *Suite 9200* |
|  | *Boston, Massachusetts 02210* |

October 29, 2020

Keren Goldenberg, Esq.
The Law Offices of Keren Goldenberg
19A Alexander Avenue
Belmont, MA  02478

      Re:    United States v. Cecchetelli, et. al.
                   Defendant, Roberto Vargas, a/k/a "King Royalty"
                   Criminal No. 19-10459

Dear Attorney Goldenberg:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Roberto Vargas ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

Defendant will plead guilty to Count One of the Indictment: Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d), and Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846.  Defendant admits that he committed the crimes specified in these counts and is in fact guilty of this offenses.

      2.    <u>Penalties</u>

      Defendant faces the following maximum penalties:

            Count One, incarceration for 20 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

            Count Two, incarceration for 20 years; supervised release for at least 3 years, up to a maximum of life; a fine of $1,000,000, a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

1

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the United States Sentencing Guidelines (the "Guidelines") is 29, based on the following calculation:

(a) Base Offense Level

Pursuant to USSG § 2E1.1(a)(2), the base offense level is calculated according to the offense level applicable to the underlying racketeering activity. Pursuant to App. Note 1, each offense is treated as a separate count of conviction, with applicable Chapter Three adjustments.

The underlying offenses for Guidelines purposes are: Defendant's conspiracy to manufacture, distribute, and possess with intent to distribute cocaine base (Group One), and Defendant's participation in the robbery of Victim 6 in September 2019 in New Bedford (Group Two). These offenses are grouped separately pursuant to USSG § 3D1.2.

(1) <u>Group One</u>

Conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and cocaine base:

- in accordance with USSG § 2D1.1(a), the base offense level is 24 because the Defendant is responsible for at least 500 grams but less than 2 kilograms of cocaine;

(2) <u>Group Two</u>:

September 2019 robbery of Victim 6 in New Bedford

- in accordance with USSG § 2B3.1(a)(1), the base offense level is 20, because the Defendant participated in a robbery of Victim 6;

- in accordance with USSG § 2B3.1(b)(2)(A), the Defendant's offense level is increased by 7, because a firearm was discharged; and

- in accordance with USSG § 2B3.1(b)(3)(B), Defendant's offense

2

      level is increased by 4, because the victim suffered serious bodily injury;

 (b) Grouping

    Pursuant to USSG § 3D1.4, each group is counted separately. Group One has an adjusted offense level of 24. Group Two has an adjusted offense level of 31.

    Group Two counts as one Unit because it has the highest offense level. Group One counts as one-half Unit because it is seven levels less serious. See USSG § 3D1.4(a). Defendant therefore is responsible for 1 and one-half Units, which results in 1 additional offense level to Group Two.

    Pursuant to the USSG grouping principles, and prior to any reduction for acceptance of responsibility, Defendant's Adjusted Offense Level is therefore 32.

 (c) Acceptance of Responsibility

    Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Adjusted Offense Level by 3 levels under USSG § 3E1.1.

Defendant reserves the right to contest the offense level calculation under the Guidelines set forth above, and to challenge the application of certain offense characteristics.

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

 4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

      a) Incarceration no greater than the low-end of the Guidelines sentencing range as calculated by the U.S. Attorney in paragraph 3, excluding departures;

      b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

      c) 36 months of supervised release;

      d) a mandatory special assessment of $100 per count, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

      e) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

      a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

      b) He will not challenge any prison sentence of 87 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 36 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

4

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal,

state, or local prosecuting authorities.

      10.      <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

                \*      \*      \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

                Sincerely,

                ANDREW E. LELLING
                United States Attorney

By:    */s Glenn A. MacKinlay*
        Glenn A. MacKinlay
        Chief, Organized Crime Gang Unit
        Timothy E. Moran
        Deputy Chief, Organized Crime Gang Unit

        */s Philip A. Mallard*
        Philip A. Mallard
        Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

*DocuSigned by:*
*Roberto Vargas*
Roberto Vargas
Defendant

Date: 2/17/2021

I certify that Roberto Vargas has read this Agreement and that we have discussed what it means. I believe Roberto Vargas understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

*DocuSigned by:*
*Keren Goldenberg*
Keren Goldenberg, Esq.
Attorney for Defendant

Date: 2/17/2021

7